**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>TRX INSURANCE SERVICES. INC. and RICHARD A. METZ (individually and in his official capacity)<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO. 2-20-CV-04095-MMB |

## ORDER

**AND NOW**, this _____ day of _____ , 2020, upon consideration of Defendants, TRX Insurance Services, Inc. and Richard A. Metz's Motion to Dismiss the First Amended Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED**.  Plaintiff's First Amended Complaint is **DISMISSED, WITH PREJUDICE**.

        **IT IS SO ORDERED.**

                          **BY THE COURT:**

                          _____

                              Michael M. Baylson, J.

**O'HAGAN MEYER, PLLC**
By:     John P. Morgenstern, Esquire
          Lynn E. Roberts III, Esquire
PA Attorney I.D. Nos. 80014 /322160
1500 Market Street, 12th Floor East
Philadelphia, PA  19102
(215) 461-3300
(215) 461-3311 – Fax
File No. 14249

*Attorneys for Defendants,*
*TRX Insurance Services, Inc. and*
*Richard A. Metz*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JANE DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 2-20-CV-04095-MMB |
| v. | : | |
| | : | |
| TRX INSURANCE SERVICES. INC. and | : | Hon. Michael M. Baylson |
| RICHARD A. METZ (individually and in his | : | |
| official capacity) | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MOTION OF TRX INSURANCE SERVICES, INC. AND RICHARD A. METZ  TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY,
TO STRIKE CERTAIN ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

AND NOW come the Defendants, TRX Insurance Services, Inc. and Richard A. Metz, by

and through their undersigned counsel, who move this Honorable Court to Dismiss the Plaintiff's

claims set forth in her Plaintiff's First Amended Complaint for the following reasons:

1. Plaintiff's claims alleging violations of Pennsylvania's Sex Trafficking statute, 18 Pa. C.S.

   § 3051, must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to

   state a claim upon which relief can be granted as Plaintiff has not and cannot set forth a

   cognizable cause of action.

2. Plaintiff's claims under the federal Trafficking Victims Protection Act, 18 U.S.C. § 1595, must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted as Plaintiff has not and cannot set forth a cognizable cause of action.

3. Plaintiff's First Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 10(a) for failure to identify the Plaintiff. *Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011)*.

4. Plaintiff's Title VII claims for discrimination, retaliation, and hostile work environment, (Counts 6 through 8) and the attendant state law claims (Counts 9 through 12) fail on their merits and must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and because no such cause of action was filed within any applicable statute of limitations.

5. Plaintiff's claims alleging violation of state privacy law (Count 5), and for emotional distress (Counts 3 and 4) must be dismissed under Fed. R. Civ. P. 12(b)(6).

6. Alternatively, Defendants move to strike under rule 12(f) the following allegations as redundant, immaterial, impertinent, or scandalous: paragraphs 12-24; 26-29; 31-37; 39; 45-46; 48-50; 52-55; 57-73; 75-76; 78-82; 84-111; 113-127; 129-148; 150-151; 153-257.

Respectfully submitted,

**O'HAGAN MEYER, PLLC**

By:   /s/ John P. Morgenstern
      John P. Morgenstern

and   /s/ Lynn E. Roberts III
      Lynn E. Roberts III

*Attorneys for Defendants,*
*TRX Insurance Services, Inc. and*
Date:   November 9, 2020          *Richard A. Metz*

2

**O'HAGAN MEYER, PLLC**
By:    John P. Morgenstern, Esquire
         Lynn E. Roberts III, Esquire
PA Attorney I.D. Nos. 80014 /322160
1500 Market Street, 12th Floor East
Philadelphia, PA  19102
(215) 461-3300
(215) 461-3311 – Fax
File No. 14249

*Attorneys for Defendants,*
*TRX Insurance Services, Inc.*
*and Richard A. Metz*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    CIVIL ACTION NO. 2-20-CV-04095-MMB |
| | : |
| TRX INSURANCE SERVICES. INC. and | :    Hon. Michael M. Baylson |
| RICHARD A. METZ (individually and in his | : |
| official capacity) | : |
| | : |
| | : |
| Defendants. | : |
| | : |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TRX INSURANCE SERVICES, INC. AND RICHARD A. METZ TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY,  TO STRIKE CERTAIN ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

### INTRODUCTION

Defendants, TRX Insurance Services, Inc. and Richard A. Metz, by and through the undersigned attorneys, O'Hagan Meyer, PLLC, hereby file this memorandum of law in support of their Motion to Dismiss the First Amended Complaint filed by Plaintiff Jane Doe pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, Defendants move to strike several paragraphs of the First Amended Complaint as redundant, immaterial, impertinent, or scandalous pursuant to Federal Rule of Civil Procedure 12(f).

## I.     PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint on August 20, 2020.[1]  On that same day, Plaintiff also dual-filed the Complaint in this matter as a charge of discrimination with the Pennsylvania Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC").  On September 10, 2020, the EEOC dismissed the Charge and issued a Dismissal and Notice of Rights.[2]

On August 24, 2020, Defendants entered their appearance through the undersigned counsel and waived service of the Complaint.[3]  On October 22, 2020, Defendants filed their Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]  On October 27, 2020, pursuant to Rule 15(a),  Plaintiff filed the First Amended Complaint ("FAC").[5]  The FAC alleges that Mr. Metz violated her rights under Title VII of the Civil Rights Act of 1964[6] and select provisions of the Pennsylvania Human Relations Act.[7]  Additionally, Plaintiff alleges Mr. Metz created a hostile working environment both while the alleged harassment occurred and when Plaintiff subsequently refused his sexual advances.[8]  Plaintiff also seeks damages under the applicable federal sex trafficking statute[9] and Pennsylvania's Human Trafficking Act.[10]

---

[1] *See* Doc. 1. For purposes of streamlining this filing, Defendants attach the First Amended Complaint upon which this motion is based as **Exhibit "A"**.  Document 1, which was attached to the previous motion to dismiss at Doc. 4,  is now attached as **Exhibit "B"**.

[2] *See* Notice, attached hereto and cited as **Exhibit "C"**.  Although Plaintiff has filed the Charge of Discrimination in her name, and we maintain that this suit may not proceed with a Jane Doe Plaintiff without following protocol, all identifying information of Plaintiff in Exhibit C is redacted.

[3] *See* Docs. 2-3, attached hereto and cited as **Exhibit "D"**.

[4] *See* Doc. 4, attached hereto and cited as **Exhibit "E"**.

[5] *See* Exhibit A.

[6] 42 U.S.C. § 2000e, *et seq.*

[7] 43 P.S. §§ 951-963.

[8] *See* Exh. A.

[9] 18 U.S.C. §§ 1590-1595.

[10] 18 Pa. C.S. § 3012, *et seq.*

Defendants file the instant Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, Defendants move to strike certain paragraphs of the Complaint, as these representations do not advance any claim presented within the Complaint and appear to be pled for the sole purpose of causing harassment, annoyance, embarrassment, and to lower Defendants' esteem within the business community.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[11]  When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Court must "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant."[12]

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  Third Circuit jurisprudence requires the Court to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there

---

[11] *Twombly*, 550 U.S. at 570.

[12] *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp*., 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[14] *Id*. (citing *Twombly*, 550 U.S. at 556).

are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[15]

Moreover, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[16] A complaint making "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" is insufficient.[17]  To that end, Rule 12(f) allows a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[18] The court may act of its own volition or on motion made by either party before responding to the pleading."[19]

## III.    STATEMENT OF FACTS

In light of the heightened standard utilized by federal Courts to evaluate complaints against a 12(b)(6) motion to dismiss, the following allegations are to be accepted as true:

- At all times material, Plaintiff JANE DOE (hereinafter "Plaintiff") was and is an individual female.[20]

- Around October 1995, Plaintiff was hired by Defendants as a Receptionist.[21]

- Plaintiff's job duties required she open and distribute incoming mail.[22]

---

[15] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting  *Iqbal*, 556 U.S. at 675, 679).
[16] *Id*. (*quoting  Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[17] *Iqbal*, 556 U.S. at 678.
[18] Fed. R. Civ. P. 12(f).
[19] *Id.* at 12(f)(1)-(2).
[20] Exh. A. at ¶ 11.
[21] Exh. A. at ¶ 25.
[22] Exh. A. at ¶ 30.

- Defendant requested the two dine at a restaurant called Binni and Flynn's in Wayne, Pennsylvania, approximately one mile from their office.[23]

- Plaintiff, eager to make a good impression and excited to be included, accepted Defendant Metz's invitation.[24]

- After dinner and drinks, Defendant Metz walked Plaintiff to her car.[25]

- Defendant Metz grabbed Plaintiff and attempted to kiss her.[26]

- Plaintiff rebuffed Defendant Metz's physical advances.[27]

- Defendant Metz purchased a hotel room for Plaintiff, and escorted Plaintiff to the room.[28]

- Plaintiff blacked out and awoke the next morning with her clothes on and in the same position.[29]

- Around 1995, Defendant Metz, knowing Plaintiff was not well to do, gave Plaintiff a raise.[30]

- Around 1996 Defendant Metz began inviting Plaintiff to client meetings.[31]

- During this time Defendant Metz gave Plaintiff numerous raises.[32]

- Between 1997 and 2011 Defendant Metz made propositions for sex, which occurred a few times per month.[33]

---

[23] Exh. A. at ¶ 38.
[24] Exh. A. at ¶ 40.
[25] Exh. A. at ¶ 41.
[26] Exh. A. at ¶ 42.
[27] Exh. A. at ¶ 43.
[28] Exh. A. at ¶¶ 44, 47.
[29] Exh. A. at ¶ 51.
[30] Exh. A. at ¶ 56.
[31] Exh. A. at ¶ 74.
[32] Exh. A. at ¶ 77.
[33] Exh. A. at ¶ 83.

- Defendant Metz paid for Plaintiff's car lease, cell phone, gas, as well as other items.[34]

- Plaintiff became pregnant and intended to marry and leave Defendant TRX.[35]

- Plaintiff did not resign.[36]

- Between 1997 and 2007, the pattern of Defendant Metz pressuring or forcing Plaintiff to consume alcohol persisted.[37]

- Around 2011 or 2012 Plaintiff was diagnosed with Generalized Anxiety Disorder, which Defendant Metz ridiculed.[38]

The FAC does not allege that Plaintiff engaged in a complained-of sex act with anyone other than Defendant Metz. The FAC does not allege that either Defendant benefitted commercially or financially or received anything of value for an unwanted sexual act. The Complaint does not allege that Plaintiff made or attempted to make a report of Defendant's allegedly unwanted sexual advances to law enforcement or to a human resources representative at TRX.

## IV.   LEGAL ARGUMENT

Plaintiff's original Complaint consisted of an incomprehensible arrangement of allegations best described as a shotgun pleading.[39] The FAC is more of the same.[40] Although Plaintiff attempts to cure some defects raised in the initial Motion to Dismiss by mixing in more buzz-word

---

[34] Exh. A. at ¶ 112.
[35] Exh. A. at ¶ 128.
[36] Exh. A. at ¶ 149.
[37] Exh. A. at ¶ 88.
[38] Exh. A. at ¶ 152.
[39] *See generally,* Exh. B.
[40] *See generally*, Exh. A.

laden, garden-variety, and conclusory allegations, the FAC fails to address even a quarter of the arguments raised in the initial Motion to Dismiss.

Plaintiff's First Amended Complaint attempts to frame several time-barred Title VII allegations under state and federal human- or sex-trafficking laws with longer statutes of limitations.  Plaintiff has not – and cannot – plead a cause of action under any human- or sex-trafficking law.

Plaintiff fails to make out a *prima facie* claim under any state or federal employment discrimination statutes.  In fact, Plaintiff's chosen style of pleading imports a kitchen-sink of allegations in violation of Rule 8 of the Federal Rules of Civil Procedure, including allegations that do not support the standard of proof of any claims asserted in this matter.  Based on Plaintiff's chosen style of pleading, amendment is futile, as no rock was left unturned in crafting the Complaint.  Accordingly, Defendants move for the dismissal of all claims asserting a violation of human- or sex-trafficking, as well as violations of state and federal employment discrimination asserted in the Complaint with prejudice.

Alternatively, Defendants move to strike paragraphs deemed redundant, immaterial, impertinent, or scandalous pursuant to Federal Rule 12(f), as well as the Complaint in its entirety until Plaintiff is properly identified under Federal Rule 10(a).

### A.  COUNT ONE FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).

As Plaintiff attempted in the initial complaint,  the FAC seeks to establish liability against Mr. Metz under Pennsylvania's Sex Trafficking Statute, 18 Pa. C.S. § 3012 for alleged criminal sexual acts he performed on Plaintiff.[41]  This motion highlights for a second time that Plaintiff

---

[41] Exh. A. ¶¶ 258-267.

sued under the wrong statute, as Section 3012 is a criminal statute imposing criminal liability under those prosecuted and convicted under that statute.  Despite this flaw, Plaintiff fails to state a claim under the correct statute – 18 Pa. C.S. § 3051 – as the matter is time-barred on its face.  Finally, even if this court finds the matter is timely pled, Count One fails to state a claim upon which relief may be granted.

### 1.  Section 3012 is a Criminal Statute.

18 Pa. C.S. § 3012 imposes criminal liability upon a person who "knowingly ... subjects an individual to labor servitude or sexual servitude, except where the conduct is permissible under Federal or State law other than this chapter."[42]   Given that this matter was bought within the Court's civil jurisdiction under 28 U.S.C. § 1331, cases involving a federal question, as designated by Plaintiff, the correct section Plaintiff should have sued under is Section 3051, which provides a civil remedy to "a victim of human trafficking ... against any person that participated in the human trafficking of the individual…"[43]

### 2.  Count One is time-barred on its face.

Under Section 3051(h)(1), "[a]n action may be brought under this section by an individual who was the victim of human trafficking while an adult within five years of the last act against that individual that constitutes an offense under this chapter."[44]

Here, the most recent sexual act is alleged to have occurred in 2016.[45]  Plaintiff alleges in a conclusory manner that "upon information and belief, Metz drugged and sexually assaulted Plaintiff."[46] Plaintiff bases this assertion upon additional conclusory allegations, including (a)

---

[42] 18 Pa. C.S. § 3012.

[43] *Id*. at § 3051(a)(1).

[44] *Id*. § 3051(h)(1).

[45] Exh. A at ¶¶ 172-185.

[46] *Id.* at ¶184.

Plaintiff's husband calling and texting Plaintiff with no response at a specified time, (b) Plaintiff's husband finding Plaintiff passed out in a room in their family home with her breasts exposed, and (c) Plaintiff's husband finding a text message in Plaintiff's phone from Mr. Metz reading "I love you."[47]   These allegations do not survive the scrutiny required by rule 12(b)(6) jurisprudence articulated in Section II  above.  In other words, the paragraphs in the FAC relating to the 2016 rape fail to plead any plausible, non-conclusory facts supporting the assertion of a Section 3051 claim based on acts alleged to have occurred in 2016.

Prior to the 2016 allegations, the last act of a sexual nature involving Plaintiff is alleged to have occurred in 2011, in which she alleges that Mr. Metz propositioned her for sex "a few times a month" throughout 2011.[48]  She does not allege that any sexual act occurred.  Plaintiff alleges that Mr. Metz last used alcohol and drugs as a tool to initiate sex with her in 2007.[49]  Accordingly, amendment is futile, as its sole purpose would be to establish an alleged sexual assault bringing Plaintiff's claims within the five-year statute of limitations imposed by Section 3051(h)(1).

### 3.  Count One Fails To State a Claim under Pennsylvania's Sex Trafficking Statute.

Pennsylvania's human trafficking statute provides a civil remedy to victims of "human trafficking" and "the sex trade":

> (1) An individual who is a victim of *human trafficking* may bring a civil action against any person that participated in the human trafficking of the individual in the court of common pleas of the county where the individual resides or where any of the alleged violations of this chapter occurred.

> (2) An individual who is a victim of the *sex trade* may bring a civil action in the court of common pleas of the county where the individual resides against a person that:

>> (i)      recruits, profits from or maintains the victim in any sex trade act;

---

[47] *Id.* at ¶¶ 172-185.
[48] Exh. A at ¶ 83.
[49] *Id*. at ¶ 88.

(ii)     abuses or causes bodily harm to the victim in any sex trade act; and

(iii)    knowingly advertises or publishes advertisements for purposes of recruitment into sex trade activity."[50]

The Pennsylvania General Assembly did not define the term "sex trade."[51]

Section 3051(a)(1) allows civil redress against "any person that participated in the human trafficking of the individual in the court of common pleas of the county where the individual resides or where any of the alleged violations of this chapter occurred." [52] As the Court announced in *A.B. v. Marriott International, Inc.*, 2020 WL 1939678 at *14 (E.D. Pa. Apr. 22, 2020):

> The statute defines "human trafficking" as "any activity in violation of section 3011 (relating to trafficking in individuals) either alone or in conjunction with an activity in violation of section 3012 (relating to involuntary servitude)." Again, section 3011 imposes criminal liability on a person who, inter alia, (1) recruits, entices, solicits, advertises, harbors, transports, provides, obtains or maintains an individual if the person knows or recklessly disregards that the individual will be subject to sexual servitude; or (2) knowingly benefits financially or receives anything of value from any act that facilitates any activity described in paragraph (1). Section 3012 imposes criminal liability upon a person who "knowingly ... subjects an individual to labor servitude or sexual servitude, except where the conduct is permissible under Federal or State law other than this chapter."[53]

As *A.B.* indicates, to state a plausible claim for relief under Section 3051, Plaintiff must state a claim under Section 3011 or 3012.[54]  Plaintiff has not met her burden in the FAC as there are no allegations of human- or sex-trafficking of the Plaintiff as contemplated by Pennsylvania's Sex Trafficking statute.

---

[50] *Id*. § 3051(a).

[51] *Id.*

[52] *Id.*

[53] *A.B. v. Marriott International, Inc.,*  2020 WL 1939678 at *23 (E.D. Pa. Apr. 22, 2020).

[54] *Id.* Pleading a *prima facie* claim of labor or sexual servitude under Section 3012 in pursuit of the civil remedy allowed by Section 3051 is distinguishable from prosecuting a claim under Section 3012, as Plaintiff attempts to do in the Complaint.

First, the Complaint does not allege that Mr. Metz  recruited, enticed, solicited, advertised, harbored, transported, or maintained Plaintiff  in reckless disregard of his knowledge that Plaintiff will be sexually trafficked, as required under Pennsylvania's Sex Trafficking Statute.  Plaintiff's Complaint alleges only that Mr. Metz paid for a trip in order to have sex with Plaintiff outside the "watchful eye" of his wife.[55]  This does not equate to the serious charge of human- or sex-trafficking.  Instead, the Complaint pleads in a conclusory manner the standard from the Trafficking Victims Protection Act ("TVPA") – a federal statute that is distinct from Pennsylvania's sex trafficking statute.[56]

Second, by virtue of failing to plead conduct indicative of the first element above,  Plaintiff cannot meet the burden of the second element that "Defendant "knowingly benefitted financially or received anything of value," i.e., a commodity of tangible or objective worth, based on his execution of the deception above.  In Count One, Plaintiff posits in a conclusory manner that "Defendants benefitted financially and/or commercially for the unwanted sexual act" without identifying the benefit allegedly received by defendants.[57]  Additionally, the FAC attempts to satisfy this requirement by pleading that her position at TRX "was of significant commercial value to Defendant Metz" without identifying any value beyond that which is expected in the ordinary course of an employer-employee relationship, much less any benefit that defendants received that was derived from the alleged sex-trafficking of Plaintiff.[58] As in the original complaint, the FAC

---

[55] Exh. A. at ¶¶ 260-261.

[56] *See* 18 U.S.C. § 1595.  It appears that the FAC attempts to import language to meet the elements of the TVPA for both counts one and two in the same way that the original complaint used language from Pennsylvania's sex trafficking statute for counts one and two.

[57] *Id.* at ¶ 263 [sic].

[58] *Id.* Indeed, all employers expect to receive value in exchange of their investment in an employee – advancement of the employer's legitimate business interests via legal means.  Plaintiff's failure to allege anything beyond that is fatal to her claim.

continues to plead that Mr. Metz's position and/or influence on Plaintiff's professional reputation at TRX "was of significant commercial value to Plaintiff," not to Defendant, as required by statute.[59]  Plaintiff has not pled that Mr. Metz received any objective, tangible benefit or anything of commercial value based on the alleged sexual act as described in Count One.  Accordingly, Count One fails to state a claim upon which relief may be granted, and should be dismissed with prejudice.

### B.  COUNT TWO FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).

As with Count One, the second cause of action purports to establish liability against Mr. Metz[60] under the  Trafficking Victims Protection Act, 18 U.S.C. § 1595 ("TVPA") for alleged acts in furtherance of a conspiracy to operate a sex trafficking ring with Plaintiff at the center, based *solely* on the alleged sexual assault upon Plaintiff.[61]  Here, Plaintiff alleges that Mr. Metz used his position at TRX to "recruit and entice Plaintiff into engaging in sexual intercourse with him" through the use of "fraud, physical force and or coercion…"[62]  This is the same language used to substantiate Plaintiff's claim under the Pennsylvania statute in Count One.[63]

Although Count Two cites the correct subsection for civil penalties under the TVPA, Count Two still fails to state a claim due to Plaintiff's failure to plead non-conclusory allegations of conduct violating Section 1595 that occurred within the ten-year statute of limitations under the

---

[59] *Id.* at ¶ 265.
[60] Count Two of the FAC remains captioned as being sought "Individually Against Defendant" despite Defendants' discussion of this issue in the first Motion to Dismiss.  Defendants remain unaware of which defendant is alleged to be liable to Plaintiff in this claim. Based on the FAC's continued reference to Defendant Metz in the paragraphs under Count Two, it is assumed that this claim is against Mr. Metz.
[61] Exh. A. ¶¶ 268-278.
[62] *Id.* at ¶¶ 271, 276.
[63] *Id.* at ¶¶ 261, 265.

act.  Finally, even if the claim is timely pled, Count Two fails to state a claim upon which relief may be granted.

### 1.  Plaintiff's claim under Section 1595 is time-barred.

Under Section 1595(c), "[n]o action may be maintained under subsection (a) unless it is commenced not later than the later of— (1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.[64]  The FAC does not allege Plaintiff was a minor at the time of the alleged acts in violation of Section 1595 and she cannot so allege truthfully.  Moreover, the last alleged sexual act purportedly in violation of 1595(a) is alleged to have taken place in 2007. Plaintiff initiated this lawsuit more than three years beyond the applicable statute of limitations.

### 2.  Plaintiff's claim under Section 1595 fails as a matter of law.

Even if Plaintiff's claim were timely pled, the FAC fails to state a claim upon which relief may be granted under Section 1595.  To state a claim under section 1595(a), Plaintiff must allege facts from which the Court may reasonably infer that Mr. Metz (1) "knowingly benefit[ted] financially or by receiving anything of value; (2) from participation in a venture; (3) it knew or should have known has engaged in sex trafficking under section 1591.[65]  Section 1591(e)(4) defines "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)," and is limited in application only to section 1591.[66]

First, Plaintiff does not plead any tangible benefit to Mr. Metz as a result of having sex with Plaintiff.  This Court has held that to satisfy the first element, Plaintiff must plausibly allege

---

[64] 18 U.S.C. § 1595(c)(1)-(2).
[65] *A.B.*, 2020 WL 1939678 at *14 (internal citations omitted).
[66] 18 U.S.C. § 1591(e)(4).

that Mr. Metz "knowingly benefit[ted] financially or by receiving anything of value" from the trafficking venture.[67]  The court held that this may be shown by pleading a benefit through payments made or received based on the alleged sex trafficking.[68]  Plaintiff has not met this burden. Instead, Plaintiff alleges that Mr. Metz used his position at TRX to "recruit and entice Plaintiff into engaging in sexual intercourse with him" through the use of "fraud, physical force and or coercion…"[69] without identifying a "commercial benefit" or its recipient.[70]  This is literally a copy-and-paste of the allegations in Count One.[71]

Second, Plaintiff failed to identify the existence of a sex trafficking venture. The Complaint does not allege an unwanted sex act with anyone other than Defendant Metz.

Third, Plaintiff failed to plead Mr. Metz's participation in an existing venture within the meaning of Section 1595 as determined by the Eastern District of Pennsylvania.  Although Section 1595 does not define "participation in a venture", this Court in *A.B. v. Marriott International, Inc.* created a definition for the purpose of a motion to dismiss at the pleading stage.[72] Plaintiff fails to state a claim for relief under any standard, as Plaintiff makes no allegations – nor can she – to substantiate Mr. Metz's participation in a venture.  Indeed, "participation" under Section 1595 does not require actual knowledge of participation in sex trafficking itself. Accordingly, Plaintiff must plead allegations showing that Defendants "engag[ed] in acts and omissions that were intended to support, facilitate, harbor, and otherwise further the trafficker's sale and victimization

---

[67] *A.B.*, 2020 WL 1939678 at *14 (internal citations omitted).
[68] *Id.*
[69] *Id.* at ¶¶ 271, 276.
[70] *Id.*
[71] *Id.* at ¶¶ 261, 265.
[72] *A.B. v. Marriott International, Inc.*, 2020 WL 1939678 at *10 (citing *M.A.*, 2019 WL 4929297, at *7).

14

of the Plaintiff for commercial sexual exploitation."[73]  Absent a direct association, Plaintiff must allege "at least a showing of a continuous business relationship between the trafficker and the alleged [co-conspirators or beneficiaries] of her trafficking such that it would appear that the trafficker and the [alleged co-conspirators] have established a pattern of conduct or could be said to have a tacit agreement."[74] There are no such allegations here, nor can Plaintiff make any such allegations to meet these alternative pleading requirements to sufficiently state a claim under Section 1595.[75]

Fourth, the FAC does not allege that Mr. Metz knew or should have known of the existence of a sex trafficking venture.  To show that Mr. Metz knew or should have known of the existence of a sex trafficking venture, Plaintiff must allege conduct lying between showing that (a) Defendants worked with some third party intending to profit from the venture;[76] or (b) intervention by law enforcement or medical personnel sufficient to place the defendant on notice of the existence of a sex trafficking venture.[77] Central to allegations under the TVPA is the existence of a third party that stands to profit from the alleged sex trafficking of Plaintiff.[78]  As discussed in Section IV(A)(3) above, the FAC does not plead any benefit beyond those expected in any

---

[73] *A.B.*, 2020 WL 1939678 at *8 (E.D. Pa. Apr. 22, 2020) (quoting *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 19-849, 2019 WL 4929297, at *8-9 (S.D. Ohio Oct. 7, 2019)).

[74] *Id.* at *8.

[75] *See generally* Exh. A.

[76] *Riccio v. McClean*, 853 F.3d 553 (1st Cir. 2017).  In that case, Plaintiff alleged that a hotel owner and her sex trafficker exhibited conduct showing that both parties knew of the existence of a venture and intended to profit from it, including allegations that the hotel owner and sex trafficker "high-fived each other in anticipation of the venture and the hotel owner witnessed plaintiff's abuse at the hands of her sex trafficker.  *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2019 WL 4929297, at *4.

[77] *Lawson v. Rubin*, 2018 WL 2012869 (E.D.N.Y. Apr. 29, 2018).

[78] *M.A.*, 2019 WL 4929297, at *4.

*respondeat superior* relationship – the employee's advancement of the employer's legitimate business interests via legal means.

The FAC lacks any allegations meeting the requisite pleading standard to sustain a claim under Section 1595.  Here, Plaintiff alleges that Mr. Metz executed a combination of making sexual advances toward Plaintiff, an employee of his company, by taking her out to dinner, purchasing a hotel room for their use, and having sex with Plaintiff.[79]  The Complaint does not allege that either Defendant benefitted financially from an alleged venture, or that Plaintiff sought the intervention of law enforcement.

Finally, it appears that the United States Congress did not intend for this type of claim arising from an employment relationship to be adjudicated under Section 1595(a).  As this Court has recognized:

> In the 2008 legislation, Congress gave victims a cause of action against those who have profited from their exploitation and creates a cause of action for victims of any violation of chapter 77 against anyone who benefits from any such a violation.  Section 1595 opened the door for liability against facilitators who did not directly traffic the victim but benefitted from what the facilitator should have known was a trafficking venture.[80]

The *A.B.* court was quite clear:

> Section 1595 allows for civil liability against facilitators who benefit from what they knew or should have known is a sex trafficking venture. . . . We cannot read out the language of section 1595 imposing civil liability against a person who knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter.[81]

---

[79] Exh. A.

[80] *A.B. v. Marriott International, Inc.*, 2020 WL 1939678 at *7 (citing Gallant Fish, *No Rest for the Wicked: Civil Liability Against Hotels in Cases of Sex Trafficking*, 23 BUFF. HUM. RTS. L. REV. 119, 138 (2011).

[81] *A.B.*, 2020 WL 1939678 at *14 (E.D. Pa. Apr. 22, 2020) (citing *M.A.*, 2019 WL 4929297 at *7) (quoting *Peyton v. Rowe*, 391 U.S. 54, 65 (1968)).

The *A.B.* court's continuing reference to a "knew or should have known" standard in assessing the veracity of claims against potential defendants alludes to unknowing participants in a trafficking scheme who, but for their exercise of due diligence would have known of the existence of a trafficking venture.[82]  This interpretation of the legislative intent behind the TVPA is supported by the type of claims brought under section 1595: defendants such as hotel chains and franchisors who are alleged to have knowingly rented rooms to  facilitators of trafficking rings[83], film studios that saw an immediate benefit to their bottom line based on protecting the alleged trafficker,[84] and companies who lured unsuspecting immigrants to another country under the guise of performing work and securing a visa, only to be forced to perform a commercial sex act to the direct benefit of the company.[85]

The Complaint does not fit within the spectrum of acceptable allegations as explained by this Court in *A.B.* or the scope of cases brought under this title.  Additionally, the FAC shows for a second time that amendment is futile.  Accordingly, Count Two should be dismissed with prejudice.

---

[82] *Id.*

[83] *See, e.g.*, *A.B. v. Marriott International, Inc.*, 2020 WL 1939678 (E.D. Pa. Apr. 22, 2020); [83] *Riccio v. McClean*, 853 F.3d 553 (1st Cir. 2017); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020); *Doe 1 v. Red Roof Inns, Inc.*, 2020 WL 1872335 (N.D. Ga. Apr. 13, 2020); *H.H. v. G6 Hospitality, LLC*, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019).

[84] *See, e.g.*, *Noble v. Weinstein*, 335 F.Supp.3d 504 (S.D.N.Y. 2018); *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp.3d 156 (S.D.N.Y. 2019).

[85] *See, e.g.*, *Mallela v. Cogent Infotech Corp.*, 2020 WL 2541860 (May 19, 2020).

### C. COUNTS SIX, SEVEN AND EIGHT ALLEGING DISCRIMINATION, RETALIATION, AND HOSTILE WORK ENVIRONMENT UNDER TITLE VII FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).

Title VII of the Civil Rights Act of 1964 makes it unlawful for any employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[86]

#### 1. Plaintiff's Title VII Claims Fail Because Plaintiff cannot truthfully Allege that the Defendant is an "Employer" as Defined by the Act.

The term "employer" includes those with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[87] An "employee" is anyone who maintains an "employment relationship" with an employer.[88]   The Supreme Court of the United States held that the numerosity requirement of Title VII is a basic element of the plaintiff's case, and not a jurisdictional element,[89] although the Third Circuit in *In Re Caterbone* called that determination into question.[90] Although the FAC alleges that TRX

---

[86] 42 U.S.C. § 2000e-2(a)(1).

[87] 42 U.S.C. § 2000e(b). This is known as the "numerosity requirement".

[88] *Id.*

[89] *Arbaugh v. Y&H Corp.*, 126 S.Ct. 1235 (2006).

[90] As the Court stated in *Arbaugh* :

> We think it the sounder course to refrain from constricting § 1331 or Title VII's jurisdictional provision, and to leave the ball in Congress' court. If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*In re Caterbone*, 640 F.3d 108 (3d. Cir. 2011) (quoting 546 U.S. at 515–16, 126 S.Ct. 1235)).

employed fifteen or more employees for any twenty-week period over any relevant calendar year,[91] Plaintiff's role as an employee of TRX since October 1995,[92] is aware that this is allegation is patently false, and cannot truthfully allege otherwise.

### 2. Plaintiff has Failed to State a Claim under Title VII.

To establish a *prima facie* claim of discrimination under Title VII, Plaintiff must show (1) she is a member of a protected class; (2) she was qualified for the position she sought to attain or retain; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.[93]   An adverse action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment."[94]

Here, Plaintiff alleges that she was "subjected to adverse tangible employment actions" based on her "sex."[95] However, the FAC is devoid of  any allegations pleading what "adverse tangible employment actions" Plaintiff was subjected to.  Certainly, Plaintiff knows she cannot plead such adverse action occurred, as she continues to be employed by Defendants as of the date of this writing, earning a salary *well above* the market rate for similarly situated employees at other insurance agencies.  Indeed, the mere occurrence of sexual interest by a superior over a subordinate does not create an inference of  discrimination based on Plaintiff's sex.[96]

---

[91] Exh. A. at ¶¶ 18, 21

[92] Exh. A. at ¶ 25.

[93] *Middlebrooks v. Teva Pharm. USA, Inc.*, 2018 WL 4186394, at *5 (E.D. Pa. Aug. 31, 2018) (quoting *Burton v. Teleflex, Inc.*, 707 F.3d 417, 425-26 (3d Cir. 2013); *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001)).

[94] *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)).

[95] Exh. A. at ¶¶ 295-296.

[96] *Toth v. California Univ. of Pennsylvania*, 844 F.Supp.2d 611, 629 (W.D. Pa. 2012) (holding that sexual  interest  of  male  supervisor  in  female  subordinate  creates  an  inference  of  sex-based

To plead a *prima facie* case of retaliation under Title VII, Plaintiff must show that "(1) she engaged in a protected activity, which can include informal protests of discriminatory employment practices such as making complaints to management; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the protected activity and the adverse action."[97]

Here, although the FAC cites to case law identifying the elements of a successful retaliation claim under Title VII,[98] Plaintiff fails to allege the complaints or informal protests she lodged with TRX, Mr. Metz, or outside agencies such as the EEOC or PHRC over her twenty-plus-year employment with TRX that contributed to adverse tangible employment action suffered by her, beyond the instant Charge of Discrimination filed nearly simultaneously with this litigation. Further, the FAC fails to identify the adverse tangible employment action Plaintiff was subject to based on her engagement in a protected activity beyond the conclusory damages statement present at the end of every Title VII action in the FAC.[99]

To establish a *prima facie* claim of hostile work environment under Title VII, Plaintiff must allege she "(1) suffered intentional discrimination [in a work environment] because of [his or her] sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability.' "[100]  Moreover,

---

discrimination *when coupled with* a tangible employment action that is linked to an employee's refusal to become sexually involved with supervisor) (emphasis added))).

[97] *Moore v. Sec'y U.S. Dep't of Homeland Sec*., 718 Fed.Appx. 164, 166 (3d Cir. 2017) (quoting *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015)).

[98] Exh. A. at ¶¶ 303-310.

[99] *Id.* at ¶¶ 301, 318, 340.

[100] *Moore v. Pennsylvania Dep't of Military & Veterans Affairs*, 216 F.Supp.2d 446, 449 (E.D. Pa. 2002) (quoting *Bonenberger v. Plymouth Township,* 132 F.3d 20, 25 (3d Cir.1997)).

"unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature constitute [quid pro quo] sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment [or] (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual."[101]  However, '"[t]hose elements were modified by *Burlington Indus., Inc. v. Ellerth* to require an actual change in employment conditions in cases where a plaintiff refused to submit to advances." [102] The Third Circuit thereafter held that '"to prove a claim of quid pro quo sexual harassment, a plaintiff must demonstrate either that she submitted to the sexual advances of her alleged harasser or suffered a tangible employment action as a result of her refusal to submit to those sexual advances.'"[103]

The FAC fails to allege in a non-conclusory fashion that Mr. Metz explicitly or impliedly made sex a condition of her employment.  Certainly, Plaintiff's allegations that Mr. Metz remarked that she "will never get hired at another job," and would "be lucky to work at McDonalds if you quit [TRX]"[104] are impolite and unpleasant to hear.  However, the Supreme Court was clear that "off-hand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."[105]

The Complaint also fails to allege any adverse employment action as a result of her refusal of Mr. Metz's alleged sexual advances. As one court recognized, federal law

> …does not guarantee a utopian workplace, or even a pleasant one.
> If the workplace is unsavory, for any reason other than hostility

---

[101] *Bonenberger.* 132 F.3d at 27 (internal quotation omitted).
[102] 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)
[103] *Moore v. Pennsylvania Dep't of Military & Veterans Affairs*, 216 F.Supp.2d 446, 449 (E.D. Pa. 2002).
[104] Exh. A at ¶ 94.
[105] *Clark Cty. School District v. Breeden*, 121 S.Ct. 1508, 1510 (2001); *Parillo v. Lower Bucks County Joint Municipal Auth.*, 2003 WL 23162434 at *6 (E.D. Pa. Dec. 30, 2003).

generated on the basis of race, gender, ethnicity, [age], or religion, no federal claim is implicated.   In short, personality conflicts between employees are not the business of federal courts.[106]

Moreover, The Supreme Court of the United States explained that conduct is not severe or pervasive enough to create a hostile work environment where a mere offensive utterance occurs.[107] The Eastern District of Pennsylvania clarified that a claimant may not rely on casual, isolated, or sporadic incidents to support a hostile work environment claim.[108] Here, the FAC alleges that Defendants exhibited "derogatory and sexually explicit harassing conduct and comments" that "occurred on an almost if not daily basis."[109]  However, the well-pled nonconclusory allegations of the FAC identifies isolated and at best sporadic incidents to advance this claim.[110] As footnote 110 highlights, each complained-of incident occurred at least (5) years apart from the preceding incident, the exact scenario determined *not* to be hostile work environment in *Waite v. Blaire, Inc*.[111] Accordingly, Counts Six through Eight must be dismissed.

---

[106] *Waite v. Blair, Inc.*, 937 F. Supp. 460, 468 (W.D. Pa. 1995)(citing *Viore v. Indiana Bell Tel. Co., Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994)).

[107] *Harris v. Forklift Systems*, 510 U.S. 17 (1993).

[108] *Bedford v. Septa*, 867 F.Supp. 288, 297 (E.D. Pa. 1994).

[109] Exh. A at ¶ 330.

[110] *See, e.g.,* Exh. A at ¶¶ 94 (alleging Mr. Metz made remarks such as  "you will never get hired at another job," and "[y]ou'll be lucky to work at McDonalds if you quit here"); 95 (alleging that Mr. Metz "would also often "remind" Plaintiff that she was not capable of leaving Defendant TRX and supporting herself and that if she left she would not get a positive reference from him"); 108 (alleging that in 2001 Mr. Metz " mocked Plaintiff's physical appearance, laughing when he told Plaintiff that she, "did not look like she felt well") 152-153 (alleging that Mr. Metz mocked a diagnosis of General Anxiety Disorder in 2011 or 2012, when he remarked that "maybe it's your GSD or whatever"); 163 (alleging that in 2015, Mr. Metz loudly remarked to Plaintiff, "[y]ou don't really need to eat those fries, do you?").

[111] 937 F. Supp. 460, 468 (W.D. Pa. 1995)(citing *Viore v. Indiana Bell Tel. Co., Inc.*, 32 F.3d 1161, 1162 (7th Cir. 1994)).

**D. COUNTS NINE, TEN, ELEVEN, AND TWELVE ALLEGING DISCRIMINATION UNDER PENNSYLVANIA STATE LAW FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).**

The Pennsylvania Human Relations Act ("PHRA") makes it illegal for an employer to discriminate on the basis of race, color, creed, religion, ancestry, age, sex, national origin, non-job related disability, known association with a disabled individual, possession of a diploma based on passing a general education development (GED) test, or willingness or refusal to participate in abortion or sterilization.[112]

The pendency of these claims before the Pennsylvania Human Relations Commission ("PHRC") at the time of the filing of the Complaint or the FAC is of no moment, as said pendency does not relieve Plaintiff of the burden of presenting factual allegations that plausibly plead the elements of a cognizable employment discrimination claim.[113]  The absence of the essential elements of a PHRA claim necessitates dismissal of Plaintiff's claims under that title.

**E. MOTION TO STRIKE COMPLAINT PURSUANT TO RULE 12(f).**

The Complaint is a textbook example of a shotgun pleading as defined by case law, and as such should be stricken.  Rule 8(a) requires a pleading stating a claim for relief to contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[114]

---

[112] *See* 43 P.S. §§ 951 to 963.
[113] Fed. R. Civ. P. 8(a).
[114] Fed. R. Civ. P. 8(a).

A complaint failing to comply with Rule 8(a) is referred to as a "shotgun pleading."[115]
*Bartol* identified four categories of shotgun pleadings:

> "(1) 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts'; (2) a complaint that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) a complaint that does 'not separat[e] into a different count each cause of action or claim for relief'; and (4) a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.[116]

"The 'unifying characteristic' of these four types of shotgun pleadings 'is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'"[117] Here, Plaintiff's allegations fail to place defendants on notice of the claims against them.  For example, Plaintiff's Complaint adopts all allegations of all preceding counts.[118]   Additionally, the Complaint is "replete with conclusory, vague and immaterial facts not connected to any cause of action.[119]  Finally, Plaintiff asserts claims without specifying which claim is against which defendant, leaving Defendants to assume facts not pled.[120]

A pleading that is compliant with the Federal Rules of Civil Procedure will be short, concise, and place the parties on notice of a claim, utilizing only those facts supporting elements

---

[115] *Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859 (E.D. Pa. 2017) (quoting  *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

[116] *Id.* (quoting  *Weiland*, 792 F.3d at 1321–23).

[117] *Id.*

[118] Exh. A. at ¶¶ 258, 268, 279, 285, 288, 291, 302, 319, 341, 344, 347, 349.

[119] Id. at ¶¶ 12-24; 26-29; 31-37; 39; 45-46; 48-50; 52-55; 57-73; 75-76; 78-82; 84-111; 113-127; 129-148; 150-151; 153-257.

[120] *See, e.g.* Exh. A at Count Two, captioned as being sought "Individually Against Defendant". Defendants are unaware of which defendant is alleged to be liable to Plaintiff in this claim. Based on the allegations in paragraphs 265 and 266, it is assumed that this claim is against Mr. Metz.

of the claims pled.[121] To that end, Plaintiff's kitchen-sink style of pleading indicates that any further amendment will be futile, as she has pled every single occurrence of alleged wrongdoing by defendants known to date.   Alternatively, Defendants move to strike under rule 12(f) the following allegations as redundant, immaterial, impertinent, or scandalous: paragraphs 12-24; 26-29; 31-37; 39; 45-46; 48-50; 52-55; 57-73; 75-76; 78-82; 84-111; 113-127; 129-148; 150-151; 153-257.

### F.  THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 10(a).

Rule 10(a) requires:

> (a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.[122]

Plaintiff asserts that she "is referred to herein as Plaintiff Doe due to the extreme hardship such revelation of her identity would cause and the need to protect victims of sexual violence."[123] Yet, Plaintiff purports to identify by name other alleged victims in her Complaint.[124] Plaintiff's violation of Rule 10(a) is impermissible and her basis for doing so is insincere.

"Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'"[125] "The public's right of knowledge of judicial proceedings, codified in Rule 10(a), is, similar to the public's right of access to judicial proceedings, deeply rooted in common law and predates even the

---

[121] *See* Fed. R. Civ. P. 8(a).
[122] *Id.*
[123] Exh. A at ¶ 12.
[124] Exh. A at ¶¶ 31-32; 37; 154-171; 203-205; 212-219.
[125] *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)).

Constitution."[126] To proceed anonymously, a party must demonstrate both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.[127]

The Third Circuit in *Megless* adopted a balancing test to determine if anonymity is necessary. The *Megless* test consists of factors in favor of anonymity and those against anonymity. The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.[128]

On the other hand, factors against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.[129]

In her Complaint, Plaintiff viciously attacks on the public record the character of Mr. Metz while exposing by name other alleged victims who have not pursued any such claims on their own. Her pleading proves that she does not fear severe harm and that any such assertion will not be reasonable. She explains as the basis for her violation of Rule 10(a) "the extreme hardship such

---

[126] *Doe v. Brennan*, No. 5:19-cv-5885, 2020 WL 1983873, *1, 2020 U.S. Dist. LEXIS 73704, *3 (E.D. Pa. Apr. 27, 2020) (citing *N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 434 (3d Cir. 2016); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986)).
[127] *Doe v. Megless, supra,* 654 F.3d at 408.
[128] *Id.* at 409.
[129] *Id.*

revelation of her identity would cause and the need to protect victims of sexual violence" generally. Plaintiff must file for a protective order to protect her identity and seek permission to file under a pseudonym.[130]   Where an action is commenced, all the parties on either side of the "v" are pseudonyms or fictitious entities, an action cannot be commenced, and the case must be dismissed.[131] As Plaintiff has not set forth any legitimate legal basis for her violation of Rule 10(a), her Complaint must be dismissed.

### G.  COUNT FIVE, VIOLATION OF A STATE PRIVACY LAW, MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).

Plaintiff asserts in Count Five that "Defendant violated Pennsylvania Restatement (Second) of Torts § 625(b), by forcibly entering Plaintiff's physical space and forcing her to engage in sexual acts with him."[132] The statute of limitations for an invasion of privacy claim is one year.[133] Claims for assault, battery, false imprisonment, trespass, or that otherwise may be interpreted by the court to concern a plaintiff's right to property may be subject to the two year statute of limitation governing "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct."[134] The Complaint does not allege any act that could be read to violate the cited state privacy law as having taken place within the applicable statute of limitations.   Therefore, Count Five must be dismissed.

---

[130] *A.B. v. Marriott International, Inc.*, 2020 WL 1939678 at *fn. 1 (E.D. Pa. Apr. 22, 2020).
[131] *See, e.g., Breslin v. City & Cty. of Philadelphia*, 92 F.R.D. 764 (E.D. Pa. 1981) (complaint using fictitious names for police officers would be dismissed); *Roe v. New York*, 49 F.R.D. 279 (S.D.N.Y. 1970) (holding that where plaintiffs used only pseudonyms for filing a complaint the commencement of an action would be ineffective and dismissing Complaint).
[132] Exh. A at ¶ 290.
[133] Pa.C.S. § 5523(1).
[134] Pa.C.S. § 5524(7).

### H. COUNTS NINE THROUGH TWELVE, INCLUSIVE, MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 10(b).

Plaintiff baldly alleges in support of Count Nine (Discrimination Under State Law)[135],

Count Ten (Retaliation Under State Law)[136] and Count Twelve (Hostile Work Environment Under

State Law)[137]:

> Plaintiff's PHRA claims are still pending before the EEOC and PHRC.

> Plaintiff will seek leave to amend this complaint at the appropriate time to assert her PHRA claims against Defendant TRX. See Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Plaintiff may "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").

On September 10, 2020, the EEOC issued a Dismissal and Notice of Rights in which it did

not substantiate Plaintiff's charges and indicated:

> The EEOC issues the following determination: Based upon its investigation, the EEOC in unable to conclude that the information obtained established violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.[138]

Fed. R. Civ. P. 10(b) requires:

> (b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 8(a) requires:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:

---

[135] Exh. A at ¶¶ 342 and 343 [sic].
[136] Exh. A at ¶¶ 345 and 346 [sic].
[137] Exh. A at ¶¶ 350 and 351 [sic].
[138] *See* Exh. C.

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

No Count between 9 and 12 contains either "a short and plain statement of the claim showing that the pleader is entitled to relief" or "a demand for the relief sought." While Plaintiff pleads no allegations specific to or in support of Count 9 through Count 12, inclusive, she does set forth in 257 paragraphs of factual allegations, a plethora of redundant, immaterial, impertinent, and scandalous material. The only allegations that are not clearly time-barred by the statute of limitations and which come close to pleading any elements of an actionable offense are:

> 228. Into 2019, Defendant Metz continued to offer to pay for things for Plaintiff's children and "help" Plaintiff pay her bills.
>
> 229. Upon information and belief, Defendant Metz did not makes [sic] similar offers to his male employees.

Plaintiff has pled no protected activity predating any allegedly retaliatory act to support a retaliation claim under federal or state law. For Plaintiff's failure to plead a cognizable cause of action, Counts 9 through 12, inclusive, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### I. PLAINTIFF'S CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN COUNT THREE AND FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IN COUNT FOUR MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6).

For all of the reasons set forth above, Plaintiff's emotional distress claims set forth in Counts 3 and 4 cannot stand alone and must be dismissed as a matter of law.

## V.     CONCLUSION

For the foregoing reasons, Defendants move request this Honorable Court dismiss Plaintiff's First Amended Complaint with Prejudice.  Alternatively, Defendants move to strike those matters that the Court may deem redundant, immaterial, impertinent, or scandalous.

Respectfully submitted,

**O'HAGAN MEYER, PLLC**

By:    /s/ John P. Morgenstern_____
John P. Morgenstern

and    /s/ Lynn E. Roberts, III_____
Lynn E. Roberts III

*Attorneys for Defendants,*
*TRX Insurance Services, Inc. and*
*Richard A. Metz*

Date:   November 9, 2020

## <u>CERTIFICATE OF SERVICE</u>

I, Lynn E. Roberts III, Esquire, hereby certify that a true and correct copy of the foregoing

Defendants' Motion to Dismiss has been filed electronically and is available for review and

retrieval by all parties and counsel of record.


**O'HAGAN MEYER, PLLC**


By:     <u>/s/ Lynn E. Roberts III                    </u>
             Lynn E. Roberts III, Esquire



Date:   November 9, 2020