# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE,** <br><br> v. <br><br> **TRX INSURANCE SERVICES AND RICHARD METZ** | **CIVIL ACTION** <br><br> **NO. 20-4095** |

### MEMORANDUM RE: MOTION TO DISMISS AND/OR STRIKE

**Baylson, J.**                                        **April 20, 2021**

**I.**  **Procedural History**

Doe, needlessly and with undue burden for the Court and Defendants, has now filed three pleadings. ECF 1, 5, 13. So far, Doe has ignored the requirements of Rule 8 and has not considered the Third Circuit's post-Twombly/Iqbal decisions. The Court previously ordered Plaintiff to amend her 300-paragraph Amended Complaint, ECF 5, to comport with notice pleading by removing extraneous and unrelated pleadings. Even at half the length, similar issues persist in her operative complaint. For example, Doe has also erroneously mislabeled this latest pleading as a "Court Amended Complaint" when it is in fact a "Second Amended Complaint" (or "SAC"), as it will be referred to in this and future opinions. The Court will expect Doe's counsel to follow the Federal Rules of Civil Procedure, the Local Rules, and the undersigned's Practice and Procedure Requirements, in representing her in this case.

Doe filed her initial complaint in August 2020, ECF 1, the same day as she filed charges of discrimination with the U.S. Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, ECF 13 at ¶ 5. In September 2020, the EEOC issued a Notice of Right to Sue letter, which allowed her ninety days to sue on her federal law claims. Id. at ¶ 7.

Defendants moved to dismiss Doe's complaint in October 2020, ECF 4, but she amended her complaint shortly thereafter, ECF 5, rendering the first motion to dismiss moot. ECF 9. Defendants again moved to dismiss. ECF 6. The Court instead struck Doe's First Amended Complaint as unduly lengthy in January 2021, ordering her to amend her complaint anew to comply with the standards of notice pleading. ECF 11.

Doe filed her SAC in February 2021. ECF 13. Defendants filed their motion to dismiss, which the Court is now considering, in March 2021, ECF 14, and Doe responded in opposition, ECF 15.

## II. Introduction

Plaintiff Doe's claims allege a long history of sexual harassment and abuse from the employer-defendant against a victim-plaintiff. Doe brings sex trafficking, discrimination and retaliation, and tort claims against her employer. Defendants move to dismiss and/or strike Doe's claims under Rules 8, 10, and 12.

Even following the Court's directive to amend her complaint with a focus on concision and clarity, the SAC leaves some elements of various claims vague, especially in terms of chronology and causation. Nonetheless, Doe has satisfied the pleading requirements needed to survive Defendants' motions here. The Court therefore (1) DENIES Defendants' motions to strike and (2) DENIES Defendants' motion to dismiss Counts I through VIII, and (3) DISMISSES Counts IX through XII without prejudice until Doe has exhausted the requisite administrative review.

## III. Factual Allegations

For the purposes of this opinion, the Court will assume as true all factual allegations in Doe's operative complaint, ECF 13, and interpret them in the light most favorable to the plaintiff. St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020).

Plaintiff Jane Doe has worked for Defendant TRX Insurance Services, Inc. as a receptionist since 1995. ECF 13 at ¶ 25. During her whole employment period, her direct supervisor was Defendant Richard Metz, who was and is the owner of TRX. Id. at ¶¶ 22, 23. TRX has not had a Human Resources department or formal complaint procedure during the time Doe was employed. Id. at ¶ 26, 27, 57.

Shortly after Doe began working for Defendants, Metz started to grab her and tried to kiss her, including pushing her onto a hotel bed and kissing her, despite Doe's protests. Id. at ¶ 31. Metz invited Doe to accompany him on overnight work trips, both throughout Pennsylvania and to other states, where he would sexually assault her. Id. at ¶¶ 40, 41.

When Doe attempted to rebuff his advances, Metz would sometimes offer her raises or benefits. Id. at ¶ 38. After some of her attempts to rebuff him or complain about his behavior, however, Metz would threaten to withdraw Doe's work-related privileges (such as her car lease, cell phone, or gas), threaten to sabotage any attempts to work elsewhere, increase her workload and hours, or withhold her annual bonus. Id. at ¶¶ 48, 51. Because of Metz's behavior, Doe believed that her job "hinged" on tolerating or even accepting Metz' advances. Id. at ¶ 36. Metz has persisted in this behavior through the filing of Doe's initial complaint. Id. at ¶ 50.

IV. **Motion to Dismiss Analysis**

The Court will first consider Defendants' arguments to dismiss for failure to state a claim.

a. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Although a court must accept all factual allegations contained in a complaint as true, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that[,] without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

b. Doe's Claims

Doe has asserted twelve counts against Metz and/or TRX:

I. Sex Trafficking under Pennsylvania law (against Metz)
II. Sex Trafficking under federal law (against Metz)[1]
III. Intentional Infliction of Emotional Distress under state law ("IIED," against Defendants)
IV. Negligent Infliction of Emotional Distress under state law ("NIED," against Defendants)
V. Invasion of Privacy under state law (against Metz)
VI. Sex and Gender Discrimination under federal law (against TRX)
VII. Retaliation under federal law (against TRX)
VIII. Hostile Work Environment under federal law (against TRX)
IX. Sex and Gender Discrimination under state law (against Defendants)
X. Retaliation under state law (against Defendants)
XI. Aiding and Abetting under state law (against Defendants)

---

[1] Doe ambiguously lists this claim in her SAC as "Individually against Defendant." The Court allow this claim to proceed as if asserted "Against Defendant Metz," as alleged for the claim's state law counterpart.

4

XII. Hostile Work Environment under state law (against Defendants)

c. Counts I and II — Sex Trafficking under State and Federal Law

Doe claims that Metz' various "work trips," during which he allegedly took her around Pennsylvania and across state lines to engage in sexual acts, constituted sex trafficking under state[2] and federal law. Defendants argue that (1) Metz' alleged actions do not constitute sex trafficking under the law and (2) Doe's claims are time-barred. Neither argument merits dismissal of Doe's claims at this stage.

Both laws allow a victim of human trafficking to sue their trafficker, which Doe alleges means suing Metz. Under Pennsylvania law, a victim of human trafficking can sue someone who harbored or transported them knowing that the victim would commit a commercial sex act. 18 Pa. C.S.A. §§ 3001, 3011, 3051. The federal law standard is largely the same, as applied to Doe's alleged facts, with the added requirement of the perpetrator's actions were "in or affecting interstate commerce." 18 U.S.C.A. §§ 1591, 1595. Here, Doe described a sex trafficking violation under both laws: Metz allegedly transported her to various locations, including out-of-state, to engage in commercial sex acts with her, by purportedly treating sex as a condition of her ongoing employment. See Noble v. Weinstein, 335 F. Supp. 3d 504, 521 (S.D.N.Y. 2018) (making future job "prospect[s]" and "continued professional relationship" contingent on sex acts constitutes "commercial sex act").

Defendants miscite the law as it pertains to sex trafficking victims' ability to seek civil damages; they contend that Metz can be liable only if Metz received something of value for transporting Doe to enable commercial sex acts. But under both Pennsylvania and federal law, a

---

[2] Defendants indicate that Doe cited the wrong statutory basis for her state law claim, which Doe concedes. The Court will allow the claim to proceed as if Doe had correctly indicated that the first cause of action arises under 18 Pa. C.S.A. § 3051.

5

victim can sue an enabler of the violation of the law in question, even if the victim was the one who received payment. See 18 Pa. C.S.A. § 3051 ("victim of human trafficking may bring a civil action against any person that participated in the human trafficking of the individual"); 18 U.S.C.A. § 1595 ("victim . . . may bring a civil action against the perpetrator").[3]

Defendants also contend that state law's five-year statute of limitations or federal law's ten-year statute of limitations prohibit or, at least, limit Metz' liability for alleged sex trafficking. A defendant may assert a statute of limitations defense for a motion to dismiss only where the defense is "apparent on the face of the complaint." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Additionally, under the "continuing violations" doctrine, "an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). Here, Doe has alleged that these trips began in the mid-1990s and Metz' "unlawful behavior did not cease." It is not clear that a statute of limitations defense applies based on the face of Doe's complaint, so Defendants' statute of limitations argument must also fail. This issue may be more extensively examined at the summary judgment stage, however, once the parties have further developed the chronology of any alleged trafficking.

    d.  Counts III through V— Tort Claims

Defendants challenge Counts III and IV, IIED and NIED respectively, based only on a vague "for the reasons set forth above" argument. But Defendants do not set out any substantive reasons challenging these claims, and Plaintiff's allegations satisfy the requisite elements for each.

---

[3] Similarly, Defendants misstate the law in claiming that federal liability requires the existence of a trafficking "venture"; the express language of the federal statute allows victims to sue the perpetrator of their trafficker or participants in a trafficking venture. 18 U.S.C. § 1595.

For Count V, Invasion of Privacy, Defendants summarily argue that Doe has failed to identify any violation of her privacy interests. But Doe alleges that Metz invaded her privacy by "forcibly entering Plaintiff's physical space and forcing her to engage in sexual acts with him." ECF 13 at ¶ 111. A pattern of sexual harassment is not the textbook example of a tortious invasion of privacy under Pennsylvania law. But this district has previously recognized that this tort may encompass behavior that constitutes "hounding," especially where the subject matter is exceedingly private or personal. Wolfson v. Lewis, 924 F. Supp. 1413, 1420 (E.D. Pa. 1996) (Broderick, J.). Without developing their arguments further, Defendants have failed to satisfy their burden for dismissing Counts III through V at this stage.

e. Counts VI through VIII — Title VII Employment Claims

Doe alleges Sex and Gender Discrimination (Count VI), Retaliation (Count VII) and Hostile Work Environment (Count VIII) under Title VII of the Civil Rights Act.[4] The Court will deny the motion to dismiss these claims.

For Count VI, Doe describes a pattern of quid pro quo sexual discrimination, which constitutes Title VII Sex and Gender Discrimination. Starnes v. Butler Cnty. Ct. of Common Pleas, 971 F.3d 416, 427 (3d Cir. 2020) ("The intent to discriminate on the basis of sex in cases involving sexual propositions is implicit, and thus should be recognized as a matter of course.") (cleaned up). Such claims may arise where "submission to [sexual propositions] is made either explicitly or implicitly a term or condition of an individual's employment [or] submission to or rejection of such conduct is used as the basis for employment decisions affecting such individual."

---

[4] Defendants contend that TRX did not have at least fifteen employees, as required for a company to be covered by Title VII, based on payroll records for 2018–2020. This argument is not ripe for adjudication at the motion to dismiss stage, where Doe has alleged that TRX had the requisite number of employees throughout the events of the complaint. See Gustovich v. St. Clair Hosp. Inc., No. 07-1670, 2008 WL 1840747 (W.D. Pa. Apr. 23, 2008); ECF 13 at ¶ 18.

7

Id. Doe has alleged both forms of quid pro quo discrimination, including threatened harms to her business perks or overall employment and actual harms to her working conditions and annual bonuses. She has therefore alleged Title VII Sex and Gender Discrimination.

Similarly, for Count VII (Retaliation), Doe must allege that she partook in a protected activity (i.e. made a formal or informal complaint about discriminatory behavior), which caused an adverse action from her employer. Moore v. City of Phila., 461 F.3d 331, 340–41 (3d Cir. 2006). Here, Doe has alleged that she "oppos[ed] the unlawful sexually charged conduct," presumably to her manager and the owner of her company, Metz. ECF 13 at ¶ 50; see also Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, 450 F.3d 130, 135 (3d Cir. 2006) ("making complaints to management" can constitute a protected activity). In response, "Defendant Metz increased Plaintiff's workload, increased the amount of pressure he placed on Plaintiff at work, forced Plaintiff to work late and withheld Plaintiff's annual bonus." ECF 13 at ¶ 51. Doe's allegations have satisfied the requirements for Retaliation under Title VII.

A prima facie HWE claim (Count VIII) requires that a plaintiff allege intentional discrimination that is pervasive, regular, and based on sex; it reasonably and actually harmed the plaintiff; and respondeat superior liability exists. Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir. 1997). The quarter-century of workplace sexual harassment that Doe alleged easily satisfies that threshold.

    f. Counts IX through XII — State Law Employment Claims

Counts IX through XII are state law employment claims. The Pennsylvania Human Relations Commission has exclusive jurisdiction over these claims until August 2021 or until it issues a decision that the Commonwealth will intervene. Szurgyjlo v. SourceOne Pharma. Servs., LLC, No. 20-4304, 2020 WL 7249095, at *3 (E.D. Pa. Dec. 9, 2020) (Baylson, J.). Neither has

occurred. The Court must dismiss those claims in the meantime, id., but does so without prejudice so Doe can include those claims if and when the commission cedes its jurisdiction.[5]

## V. Motions to Strike

Defendants move to strike Doe's complaint either in full under Rule 8(a) —as a "shotgun pleading" — or in part under Rule 12(f) —as redundant, scandalous, and immaterial. Neither is proper here, where Doe has provided fair notice of her claims and has removed much of the extraneous content from her prior complaints. A viable complaint need not be perfect or contain a fully realized depiction of a plaintiff's finalized arguments. Doe here alleges long-term workplace abuse, including specific incidents and their effects on her. Striking the complaint, or the significant portion that Defendants challenge as improper, would be an extreme and unnecessary action here.

Finally, Defendants also move to strike Doe's complaint under Rule 10(a), contending that she improperly initiated this lawsuit under a "Jane Doe" alias. The Court must balance nine factors to determine the appropriateness of anonymous litigants. See Doe v. Megless, 654 F.3d 404, 409 (3d Cir. 2011). Upon balance of these factors, including the alleged sexual assault victim's interest in keeping her identity from public disclosure, the Court will DENY Defendants' motions to strike under Rules 8, 10, and 12.

## VI. Conclusion

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss for failure to state a claim as to Counts I through VIII but DISMISSES Counts IX through XII without

---

[5] That the EEOC has issued a Notice of Right to Sue letter makes no difference to this decision, as the PHRC still retains exclusive jurisdiction over Doe's state law claims. Hudnell v. Thomas Jefferson Univ. Hosps., Inc., No. 20-1621, 2020 WL 5749924, at *3 (E.D. Pa. Sept. 25, 2020) (Pappert, J.).

9

prejudice and with leave to amend following administrative exhaustion. The Court also DENIES Defendants' motion to strike under Rules 8, 10, and 12. An appropriate Order follows.

O:\CIVIL 20\20-4095 Doe v TRX Insurance\20cv4095 Memorandum Opinion re Motion to Dismiss.docx